MARIA ENO, Respondent, *v.* RUFUS DIEFENDORF, Appellant.

*Court of Appeals, June* 1, 1886.

Affirming Eno *v.* Diefendorf, 31 Hun, 456.

1. *Action for accounting. Settlement. Question of fact.*—Where, in an action for an accounting, defendant claims that he has made settlements with plaintiff by giving her promissory notes, and it does not appear that he has rendered any account of the items of moneys in his hands or demands due the plaintiff at the time of the alleged settlements, and the proof shows that he admitted at different times certain amounts which he owed the plaintiff, and that he gave his promissory notes therefor, and it was found by the referee that he was indebted to the plaintiff for an amount far exceeding the sums named in said notes, the referee did not err in not giving legal effect to the settlements, or permitting them to be opened

without charge or proof of fraud or mistake, and the most that can be claimed is that a question of fact was presented as to whether any settlements had taken place.

2. *Same. Requests to find.*—In the absence of any request to find that any settlement or settlements had been made, or any reference to any fact or facts relating to either of the alleged settlements, the case is without any findings as to a settlement or settlements which raise any such question for the consideration of the court on appeal.

3. *Same. Limitations.*—An answer which sets up that the defendant has settled and paid plaintiff for all deal, accounts, matters and things he has ever had with plaintiff, and denies that he is indebted to her in any sum whatever, and that more than six years have elapsed since the matter and things mentioned in plaintiff's complaint, or any of them, have become due, contains merely a defense of payment, and is not a sufficient plea that the claims and demands of the plaintiff are barred by the statute of limitations.

4. *Same.*—Where mutual accounts exist between the parties, and some of the items accrued within six years before the commencement of the action, the statute of limitation has not run against any of them.

5. *Same.*—Payments made at different times upon the account, if any is made within six years before the commencement of the action, prevents the statute from running.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee in favor of plaintiff in an action for an accounting between partners.

*S. N. Doda*, for appellant.

*F. A. Lyman*, for respondent.

PER CURIAM.—The complaint in this action alleged that the plaintiff's husband and the appellant were copartners, that plaintiff was sole legatee and devisee of her husband; who died in 1866 ; that after the death of plaintiff's husband the appellant received moneys, notes and accounts belonging to the plaintiff and for her use ; that she loaned him moneys, and he refused to render an account, and settle for the same, and was indebted to her in the sum of $5,000 by reason

thereof. The complaint also alleged an assignment by the appellant to one J. H. I. Diefendorf, (but as the complaint was dismissed as to this party the allegation in that respect is not material.) The complaint then demanded an accounting between the plaintiff and the defendants, and that the defendants pay her the balance that may be found due on such accounting.

Various answers were interposed to the complaint, and upon the trial before a referee he found in favor of the plaintiff, and against the appellant, for a balance of $3,189.36, and, upon an appeal from the judgment entered thereupon to the general term, the same was affirmed.

The main point presented upon this appeal to which our attention is directed, is that the referee erred in not giving legal effect to the settlement proven by the uncontradicted testimony of the parties, and in permitting such settlements to be opened without charge of fraud or mistake in the complaint, or proof thereof on the trial. This involved a question of fact before the referee, in regard to which the evidence was conflicting, and it is not apparent that the referee passed upon the same contrary to the weight of the evidence, or that his finding in this respect was without sufficient testimony to sustain it. The alleged settlements mainly related to the giving of certain promissory notes, but in each instance the evidence fully explained the facts and circumstances under which these notes were given, and the most that can be claimed is that a question of fact was presented as to whether any settlements had taken place. There was no proof that was absolutely conclusive that such was the fact. It does not appear that the appellant rendered an account of the items of moneys in his hands or demands due the plaintiff at the time of the alleged settlements. The proof shows that he admitted at different times certain amounts which he owed the plaintiff, and that he gave his promissory notes therefor.

There was evidence proving, and it was found by the

referee that the defendant was indebted to the plaintiff for an amount far exceeding the sums named in the notes referred to.

We are thus brought to the conclusion that there was no sufficient proof that settlements were made between the parties which precluded the plaintiff from establishing what was actually due her from the defendant.

There is another answer to the point now urged as to settlements being made between the parties.

No requests were made to find that any settlement or settlements had been made, or any reference made to any fact or facts relating to either of the alleged settlements.

The case, therefore, presented by the requests is without any findings as to a settlement or settlements which raise any such question for the consideration of the court upon appeal.

There is no merit in the claim that the notes of the defendant to the plaintiff were barred by the statute of limitations. No such defense is properly presented in the defendant's answer. The second and further answer sets up that the defendant has settled and paid plaintiff "for all deal, accounts, matters and things he has ever had with plaintiff, and denies that he is indebted to her in any sum whatever, and that more than six years has elapsed since the matter and things mentioned in plaintiff's complaint, or any of them, have become due."

This allegation contains merely a defense of payment, and is not a sufficient plea that the claims and demands of the plaintiff are barred by the statute of limitations.

There is no direct averment that the defendant intends to set up two defenses, in one count of the answer. Even if there had been a sufficient statement of more than one defense it would be in violation of the rule of pleading, that the defenses must be separately stated.

Aside, however, from this view of the subject it is sufficient to say that there is no averment, in appropriate

language, that six years before the commencement of the action have elapsed since the demands· named were due ; and hence they are not barred by the statute of limitations.

Another answer to the claim is that the case is one where mutual accounts existed between the parties, and that some of the items accrued within six years before the commencement of this action.

It may also be remarked that the evidence shows that payments were made by the defendant at different times upon the account of the plaintiff, and thus the statute was prevented from running.

The question as to the right of the plaintiff to maintain the action in her own name is sufficiently answered in the opinion of the general term.

No other point urged demands comment.

The judgment should be affirmed.

All concur.